No. 633

SCOFIELD v. FOX

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6666. Decided June 21, 1926.

(Roberts, PJ., and Farr, J., of the seventh district, sitting by designation).

480. EVIDENCE—465. Error — Striking out of answer to question asked by court, not error where court presumably withdrew answer because of suspected impropriety in inquiry being made by court.

1273. WITNESSES—Testimony that witness "has been engaged in this and similar work for many years," qualifies witness as expert.

Error to Common Pleas. Judgment affirmed.

**First Publication of this Opinion**

ROBERTS, J.

This action was commenced in the Court of Common Pleas by Fox against Scofield. The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the trial court. Plaintiff asked a judgment on an alleged contract wherein he agreed to paint and deliver to defendant miniatures on ivory of defendant's father, mother and daughter, and defendant agreed to pay plaintiff the fair and reasonable value of said miniatures upon delivery of same to him. The Common Pleas Court found for the plaintiff.

Defendant now claims that the judgment is against the weight of the evidence and that the court erred in sustaining an objection to a certain question, and in permitting a certain witness to testify.

The court is not able to say in this case that the verdict is against the manifest weight of the evidence.

During the testimony of one of the witnesses certain questions were asked by the court and answered by the witness, and these answers were later stricken from the records. The witness subsequently gave another answer of similar nature, but not as full in detail as the one striken out by the court. It is claimed that there was prejudicial error in ruling out this answer. It will be observed that it was in response to a question by the court, and the court in saying that he suspected he did not have any business to ask it, presumably withdrew the answer because of a suspected impropriety in the inquiry made by the court. It is not apparent that, if counsel for the objecting party had asked the question himself, the court would have considered the answer improper and have refused to permit it to go into the record.

It is claimed that there was error in permitting one of plaintiff's witnesses to testify as to the market value of the minatures, upon the grounds that she was not qualified to give such testimony, and for the further reason that she was unable to testify whether the miniatures were colored photographs or whether they were produced by free hand painting. This witness qualified as an expert, her testimony indicating that she had been engaged in this and similar work for many years, and we think her testimony was competent.

Judgment affirmed.

(Farr, J., concurs).

Attorneys—W. J. Hamilton for Scofield, Messrs. Mooney, Hahn, Loeser & Keough for Fox; all of Cleveland.